# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BENJAMIN JOHN BIESE,**

          **Petitioner,**

     **v.**                                                **Case No. 17-CV-856**

**DYLON RADTKE,**

          **Respondent.**

# DECISION AND ORDER DENYING PETITION FOR
# A WRIT OF HABEAS CORPUS

Before the court is Benjamin John Biese's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) All parties have consented to the full jurisdiction of this court. (ECF Nos. 86, 87.)

Biese presents a single claim for relief—that his sentence was excessive in violation of the Eighth Amendment. (ECF No. 1 at 6.)

> A jury found Biese guilty of four counts of making threats to a judge and three counts of making threats to injure or accuse another of a crime, all as a repeater. *See* Wis. Stat. §§ 940.203(2), 943.30(1), and 939.62(1)(b). The court sentenced Biese to a total of nineteen years of initial confinement and seven years of extended supervision, to run consecutively to another sentence.

(ECF No. 1-1 at 4.)

The Wisconsin Court of Appeals concluded that Biese's sentence was not constitutionally excessive. It noted that he had faced a maximum punishment of seventy years for his crimes. (ECF No. 1-1 at 6.) It concluded that that circuit court had considered the appropriate sentencing factors, including that, "[i]n light of Biese's long history of committing this and similar offenses, … any sentence would likely have little, if any, deterrent effect." (ECF No. 1-1 at 6.) The Wisconsin Supreme Court denied Biese's petition for review on June 12, 2017. (ECF No. 28-8.) This court received Biese's petition on June 20, 2017. (ECF No. 1.)

Despite having received literally years' worth of extensions (ECF No. 100 at 1 (citing ECF Nos. 14, 32, 40, 45, 47, 53, 59, 62, 65, 69, 82, 84, 90, 94, 97, 99; granting motion for extension of time and noting Biese's sixteen prior extensions of time)), Biese has failed to file a brief in support of his petition. The deadline for Biese to file a brief in support of his petition was July 20, 2020. A copy of the order setting that deadline was mailed to Biese on May 20, 2020. (ECF No. 100.) At Biese's request the court mailed him a second copy of that order on July 10, 2020. (ECF No. 101.)

On September 3, 2020, the respondent filed a motion, noting Biese's absence of a brief and requesting the court decide the petition on the current record. (ECF No. 102.) Such a motion was probably unnecessary; a brief in support of a petition for a writ of habeas corpus is optional, and a petition may be resolved on only the petition and the

answer. *See Fischer v. Van Hollen*, 741 F. Supp. 2d 944, 969 (E.D. Wis. 2011). The court finds Biese's petition uncomplicated and further briefing is not required.

"The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Ewing v. California*, 538 U.S. 11, 23 (2003) (affirming sentence of 25 years to life for defendant convicted of a $1200 theft) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (Kennedy, J., concurring)). "Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." *Solem v. Helm*, 463 U.S. 277, 290 (1983). Thus, "[a]s a general rule, a federal court will not review state sentencing determinations that fall within statutory limits." *Williams v. Duckworth*, 738 F.2d 828, 831 (7th Cir. 1984) (citing *Solem*, 463 U.S. 277; *Rummel v. Estelle*, 445 U.S. 263 (1980)).

The court of appeals concluded that Biese's "sentence is 'well within the limits of the maximum sentence' and it is 'not disproportionate to the offense committed as to shock the public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances." (ECF No. 1-1 at 6 (quoting *State v. Grindemann*, 2002 WI App 106, ¶ 31, 255 Wis. 2d 632, 648 N.W.2d 507).)

This court is unable to say that the court of appeals' conclusion was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1). Biese had a *long* history of similar conduct, dating back to 1995 when he was only 17 years old. (ECF No. 28-3 at 16-19.) When questioned about the letters by law enforcement, he reiterated his threats and expressed his belief that he would not be prosecuted. (ECF No. 28-3 at 12-15.) He committed the crimes while already incarcerated for very similar offenses; it was clear that the sentences he received previously were not deterring him. Biese's threats of imminent murder by associates outside of prison extended not only to various judges but also to the judges' families. (ECF No. 28-3 at 15.) Against this backdrop it was entirely reasonable for Biese to have received a severe sentence.

Finally, in the section of his petition where Biese is asked to provide "supporting facts" for his claim, Biese asserts that the circuit court relied on inaccurate information, specifically, that the courthouse was forced to close as result of one of his letters. (ECF No. 1 at 6-7.) Broadly construing his petition, perhaps Biese is attempting to allege a violation of his right to be sentenced on accurate information. *See United States v. White*, 868 F.3d 598, 603 (7th Cir. 2017) (citing *United States v. Chatman*, 805 F.3d 840, 843-44 (7th Cir. 2015)). However, no such argument was presented to the court of appeals. Consequently, Biese has not exhausted his state court remedies with respect to any such claim. *See King v. Pfister*, 834 F.3d 808, 816 (7th Cir. 2016). If the court were to construe

4

his petition as alleging such a claim, it would render his petition "mixed." *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). But even if the court were to consider the claim, the court would deny it. *See* 28 U.S.C. § 2254(b)(2). Biese has not offered any evidence to support his assertion that the circuit court's statement was incorrect. Notably, at sentencing, the prosecutor discussed at some length how the closure of the courthouse because of Biese's threats affected many more than the judge to whom the threat was directed. (ECF No. 28-3 at 9-10.)

**IT IS THEREFORE ORDERED** that the respondent's "Motion for Decision on the Pleadings" (ECF No. 102) is **granted**.

**IT IS FURTHER ORDERED** that the petition is **denied**, and this action is **dismissed**. The Clerk shall enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment (60 days if one of the parties is, for example, the United States, a United States agency, or a United States officer or employee sued in an official capacity). *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

5
Case 2:17-cv-00856-WED   Filed 09/16/20   Page 5 of 6   Document 103

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 16th day of September, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge